UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM PHILIPS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 14-CV-02989-LHK <br><br> **ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL WITH PREJUDICE** <br><br> Re: Dkt. No. 94 |

On December 17, 2015, Plaintiffs filed an administrative motion to file under seal documents designated as confidential by Defendant Ford Motor Company ("Ford") by the parties' stipulated protective order. ECF No. 94. These documents were filed in connection with Plaintiffs' opposition to Ford's motion to dismiss on the basis of prudential mootness, primary jurisdiction, and lack of standing. ECF No. 84.

Pursuant to Civil Local Rule 79-5(e), Plaintiffs noted in their administrative motion that, "within four (4) days of this filing[,] Ford must file with the Court, and serve Plaintiffs with, a declaration establishing that the designated information is sealable." *Id.* at 2.[1] Moreover, "[i]f

---

[1] *See* Civil L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable.").

1
Case No. 14-CV-02989-LHK
ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL WITH PREJUDICE

Ford does not file their responsive declaration as required by this subsection, the documents and information Plaintiffs are herein requesting be filed under seal may be made part of the public record in their entirety." *Id.*

Ford has not filed a responsive declaration, and the deadline to file such a declaration has now passed. In addition, none of the materials filed by Plaintiffs is sealable. As the Ninth Circuit recently observed, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Ford's motion to dismiss is more than tangentially related to the underlying cause of action: the gist of Ford's motion is that a government-supervised recall renders moot Plaintiffs' claims because the recall provides Plaintiffs the relief that Plaintiffs seek.

Thus, following *Center for Auto Safety* and *Kamakana*, Ford must give compelling reasons that justify the sealing of court records. With respect to the compelling reasons standard, the Ninth Circuit has stated that compelling reasons generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, Plaintiffs' administrative motion to file under seal includes emails between Ford and Ford's suppliers, as well as the deposition testimony of Jeffrey Williams, a Ford engineer. None of this information meets the compelling reasons standard, and therefore none of this information is sealable. Indeed, in connection with Ford's reply, Ford in fact has submitted—unsealed—portions of Williams' deposition testimony. ECF No. 97-3. Moreover, Ford's reply refers—without redaction—to some of the emails included in Plaintiffs' administrative motion to file

1  under seal.  *See, e.g.*, ECF No. 97 at 3.

2        Accordingly, Plaintiffs' administrative motion to file under seal is DENIED with

3  prejudice.  Pursuant to Civil Local Rule 79-5(e)(2), Plaintiffs are hereby directed to "file [all]

4  document[s] in the public record no earlier than 4 days, and no later than 10 days, after the" filing

5  of this Order.  Civil L.R. 79-5(e)(2).

6  **IT IS SO ORDERED.**

7  Dated:  February 22, 2016

                                              *Lucy H. Koh*
                                              LUCY H. KOH
                                              United States District Judge