1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

12   WILLIAM PHILIPS, et al.,                Case No. 14-CV-02989-LHK

13          Plaintiffs,                      **ORDER ON PROCEDURES FOR
                                             ADMINISTRATIVE MOTIONS TO
14          v.                               FILE UNDER SEAL**

15   FORD MOTOR COMPANY,                     Re: Dkt. No. 172

16          Defendant.

17

18          "Historically, courts have recognized a 'general right to inspect and copy public records

19   and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of

20   Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

21   U.S. 589, 597 & n.7 (1978)).  Thus, when considering a sealing request, "a strong presumption in

22   favor of access is the starting point." *Id.* (internal quotation marks omitted).

23          Parties seeking to seal judicial records relating to motions that are "more than tangentially

24   related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

25   1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

26   supported by specific factual findings" that outweigh the general history of access and the public

27   policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79.  Compelling reasons justifying the

28

1
Case No. 14-CV-02989-LHK
ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

United States District Court
Northern District of California

United States District Court
Northern District of California

1    sealing of court records generally exist "when such 'court files might have become a vehicle for

2    improper purposes,' such as the use of records to gratify private spite, promote public scandal,

3    circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at

4    598). However, "[t]he mere fact that the production of records may lead to a litigant's

5    embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

6    court to seal its records." *Id.*

7        Records attached to motions that are "not related, or only tangentially related, to the merits

8    of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

9    1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

10   records attached only to non-dispositive motions because those documents are often unrelated, or

11   only tangentially related, to the underlying cause of action.") (internal quotation marks omitted).

12   Parties moving to seal records attached to motions unrelated or only tangentially related to the

13   merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of

14   Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The

15   "good cause" standard requires a "particularized showing" that "specific prejudice or harm will

16   result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

17   F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm,

18   unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus.,*

19   *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

20       Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

21   documents for, inter alia, the protection of "a trade secret or other confidential research,

22   development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

23   adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

24   trade secret may consist of any formula, pattern, device or compilation of information which is

25   used in one's business, and which gives him an opportunity to obtain an advantage over

26   competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

27

28
                                                    2
     Case No. 14-CV-02989-LHK
     ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1    (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the

2    production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

3    business. . . ." *Id.* (ellipses in original).  In addition, the U.S. Supreme Court has recognized that

4    sealing may be justified to prevent judicial documents from being used "as sources of business

5    information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.

6         Further, parties moving to seal documents must comply with the procedures established by

7    Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that

8    establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise

9    entitled to protection under the law."  Civil L. R. 79-5(b).  "The request must be narrowly tailored

10   to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  *Id.*  Civil

11   Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is

12   narrowly tailored to seal only the sealable material" and that "lists in table format each document

13   or portion thereof that is sought to be sealed," as well as an "unredacted version of the document"

14   that "indicate[s], by highlighting or other clear method, the portions of the document that have

15   been omitted from the redacted version."  *Id.*

16        Accordingly, the Court will not grant requests to seal that are overbroad or that include the

17   sealing of public information contained within public documents.  Likewise, the Court will not

18   seal entire documents that contain both sealable and non-sealable information.

19        To facilitate compliance with these rules and the standards established within the Ninth

20   Circuit, the Court hereby establishes the following procedures for filing administrative motions to

21   file under seal in this case:

22        The parties shall file all administrative motions to file under seal as joint motions.  Prior to

23   filing any such joint motions, lead counsel for both parties must meet and confer to decide what

24   information the parties will request to file under seal.  The parties must file declarations from lead

25   counsel that confirm compliance with this order with each motion to file under seal.

26        The parties shall file concurrent with the administrative motion to file under seal all

27

28

*United States District Court*
*Northern District of California*

3

Case No. 14-CV-02989-LHK
ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

1    necessary declarations establishing that the information sought to be sealed is sealable.  For

2    motions to file under seal relating to dispositive motions, the declarations shall set forth the

3    "compelling reasons supported by specific factual findings" that the parties believe outweigh the

4    general history of access and the public policies favoring disclosure.  *Kamakana*, 447 F.3d at

5    1178-79.  For motions to file under seal relating to nondispositive motions, the declarations shall

6    set forth the "particularized" reasons that the parties believe that "specific prejudice or harm will

7    result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210–11.

8    **IT IS SO ORDERED.**

9    Dated:  August 31, 2016.

10   _____

      LUCY H. KOH
11   United States District Judge

_United States District Court_
_Northern District of California_

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. 14-CV-02989-LHK
ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL