UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM PHILIPS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 14-CV-02989-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 172 |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the

1

sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks omitted). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

2

1  (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

2  production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

3  business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that

4  sealing may be justified to prevent judicial documents from being used "as sources of business

5  information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

6  Further, parties moving to seal documents must comply with the procedures established by

7  Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that

8  establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise

9  entitled to protection under the law." Civil L. R. 79-5(b). "The request must be narrowly tailored

10  to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil

11  Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is

12  narrowly tailored to seal only the sealable material" and that "lists in table format each document

13  or portion thereof that is sought to be sealed," as well as an "unredacted version of the document"

14  that "indicate[s], by highlighting or other clear method, the portions of the document that have

15  been omitted from the redacted version." *Id.*

16  On July 29, 2016, Plaintiffs filed their first administrative motion to file under seal certain

17  portions of certain exhibits in connection with their motion for class certification. ECF No. 172.

18  The Court found Plaintiffs' motion to be overbroad, as entire pages of Plaintiffs' motion for class

19  certification had been redacted. Accordingly, Plaintiffs' first administrative motion to file under

20  seal was denied without prejudice on August 31, 2016. ECF No. 188.

21  In addition, the Court ordered (1) that the parties' lead counsel meet and confer prior to

22  filing any future motions to file under seal; (2) that the parties file all future motions to file under

23  seal as joint motions; (3) that each joint motion comply with the applicable Ninth Circuit standard;

24  and (4) that each joint motion include declarations from the parties' lead counsel stating that they

25  have complied with the Ninth Circuit's standard on sealing procedures. *Id.* at 2.

26  On September 14, 2016, the parties filed a joint administrative motion to file under seal

3

certain portions of certain exhibits in connection with Plaintiffs' motion for class certification. ECF No. 191.

The Court has reviewed the parties' joint motion, and appreciates the significant steps that the parties have taken to comply with the Ninth Circuit's sealing standards. However, the joint motion remains overboard, particularly as to emails and exhibits.

Accordingly, the parties' joint administrative motion to file under seal certain portions of certain exhibits in connection with Plaintiffs' motion for class certification is DENIED WITHOUT PREJUDICE. The parties shall file any renewed motions to seal within fourteen days of this Order.

**IT IS SO ORDERED.**

Dated: September 16, 2016.

_____
LUCY H. KOH
United States District Judge