UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM PHILIPS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No. 14-CV-02989-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS**<br><br>Re: Dkt. Nos. 195, 199, 206 |

　　　　Before the Court are the parties' "Joint Administrative Motion to File Under Seal Ford's Opposition to Plaintiffs' Motion for Class Certification and Certain Exhibits to that Opposition," ECF No. 195, the "Joint Administrative Motion to File Under Seal Plaintiffs' Motion for Class Certification and Certain Exhibits to that Motion," ECF No. 199, and the "Joint Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Motion for Class Certification and Exhibit 52 to that Reply," ECF No. 206.

　　　　Pursuant to the Court's order, ECF No. 188, Ford filed a "Provisional Motion to Seal Ford's Opposition to Plaintiffs' Motion for Class Certification and Certain Exhibits to that Opposition" ("Provisional Motion"), ECF No. 193, and Plaintiffs filed a provisional motion to file Plaintiffs' Reply under seal, ECF No. 203. Because the joint motions to seal, ECF Nos. 195 &

1

206, supersede the provisional motions, the provisional motions to seal are DENIED AS MOOT.

As to the remaining motions, "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The

1    "good cause" standard requires a "particularized showing" that "specific prejudice or harm will

2    result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

3    Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific

4    examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d

5    470, 476 (9th Cir. 1992).

6        Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

7    documents for, inter alia, the protection of "a trade secret or other confidential research,

8    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

9    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

10    trade secret may consist of any formula, pattern, device or compilation of information which is

11    used in one's business, and which gives him an opportunity to obtain an advantage over

12    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

13    (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

14    production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

15    business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that

16    sealing may be justified to prevent judicial documents from being used "as sources of business

17    information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

18        In addition, parties moving to seal documents must comply with the procedures established

19    by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

20    that establishes the document is "sealable," or "privileged, protectable as a trade secret or

21    otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

22    tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

23    Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

24    is narrowly tailored to seal only the sealable material" and that "lists in table format each

25    document or portion thereof that is sought to be sealed," as well as an "unredacted version of the

26    document" that "indicate[s], by highlighting or other clear method, the portions of the document

that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Since the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, 809 F.3d 1092, 1099 (9th Cir. 2016), most district courts to consider the question have found that a motion for class certification is "more than tangentially related to the underlying cause of action" and therefore merits application of the "compelling reasons" standard. *See Opperman v. Path, Inc.*, 2016 WL 1321296 (N.D. Cal. Feb. 11, 2016); *Corvello v. Wells Fargo Bank N.A.*, 2016 U.S. Dist. LEXIS 11647 (N.D. Cal. Jan. 29, 2016); *Cohen v. Trump*, 2016 WL 3036302 (S.D. Cal. May 27, 2016); *but see Gustafson v. Goodman Mfg. Co. LP*, 2016 WL 393640, at *2 (D. Ariz. Feb. 2, 2016) (declining to "decid[e] which standard applies in this case . . . because the same records would be sealed under either standard").

The Court need not decide whether, in general, motions for class certification are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. Instead, the Court merely decides that the instant motion for class certification meets this standard. *See In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014) (holding that the particular circumstances of a class certification motion justified applying the "compelling reasons" standard). The dispute over class certification in the instant case has focused in large part on whether the evidence shows that the power steering systems in certain Ford vehicles failed because of a class-wide defect or because of individual issues. Thus, the issues on class certification "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). This conclusion is reinforced by the fact that in their sealing motions, the parties appear to agree that the compelling reasons standard should apply. *See, e.g.*, ECF No. 199 at 2 (discussing the "compelling reasons" standard in the motion's "Legal Standard" section). In these circumstances, the Court finds that the instant motion for class certification is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Court therefore applies the "compelling reasons" standard to the parties' requests.

In support of the motions to seal, the parties have filed the following declarations:

(1) Declaration of Jeffrey Williams, *see* ECF No. 195

(2) Declaration of Amir Nassihi, *see* ECF No. 195

(3) Declaration of Jeffrey Williams, *see* ECF No. 199

(4) Declaration of Amir Nassihi, *see* ECF No. 199

(5) Declaration of Jeffrey Williams, *see* ECF No. 206

(6) Declaration of Andrew Chang, *see* ECF No. 206

Although the motions to seal are filed as joint motions, Plaintiffs have specified that they join the motions only to indicate that they do not oppose sealing. Plaintiffs do not seek to seal any portion of the briefing and do not endorse Ford's analysis. ECF No. 195, at 1; ECF No. 199, at 1; ECF No. 206, at 1.

In the motions to seal and the supporting declarations, Ford argues that the documents which Ford seeks to seal contain "sensitive, confidential, and proprietary business and company information." ECF No. 199, at 2. This includes information about the EPAS systems at issue in the instant case, including the design of the EPAS systems; the evaluation, performance, and investigation of the EPAS systems; corrective actions that Ford took with respect to the EPAS systems; root cause analysis for faults in EPAS systems. ECF No. 195, at 2; ECF No. 199, at 2; ECF No. 206, at 2. The documents also contain information about specific costs associated with the EPAS systems, including component costs, replacement costs, warranty costs, and the costs of corrective actions. Finally, the documents contain other information such as "information concerning certain types of warranty claims," information about Ford's business procedures and databases, and information about the units of vehicles produced for sale in the United States. ECF No. 199, at 2.

Ford argues that public release of these categories of information would give a competitive advantage to Ford's competitors. First, Ford claims that "research, development, testing, evaluation, investigations, and root cause analyses pertaining to vehicle components may take

several years," and that Ford's competitors could use this information to free ride off of Ford's advanced diagnostic systems and research methods. ECF No. 195, at 4; ECF No. 199, at 4; ECF No. 206, at 4. The Court agrees that the details of Ford's diagnostic procedures are valuable and that Ford could suffer competitive harm if they were publicly revealed. Nevertheless, the Court also finds that some of Ford's sealing requests are not narrowly tailored to this goal. Most notably, Ford has sought to redact any statement by Ford employees indicating that electro-mechanical relays should not have been used in EPAS systems or suggesting that the relays could or should be replaced in future EPAS systems with solid state relays. The Court finds that Ford's concerns regarding free-riding do not constitute a compelling reason for sealing these statements. The filings in this case are full of Plaintiffs' arguments and suggestions that electro-mechanical relays should not be used in EPAS systems. In these circumstances, it is unlikely that similar statements from Ford employees that offer only general opinions would cause competitive harm to Ford.

Second, Ford argues that information regarding pricing decisions and costs, if disclosed, would allow Ford's competitors "to undercut Ford's costs and timetables without incurring the substantial research and development costs incurred by Ford." ECF No. 199, at 4. Ford also argues that these costs would cause competitive harm by revealing Ford's "motives, goals, and strategies with respect to automobile design and development." *Id.* The Court finds that the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and stating that "it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."). However, here again the Court finds that Ford's requests are not sufficiently narrowly tailored to this goal. Specifically, Ford seeks to redact all mention that Ford or its dealers have a "markup" when selling replacement EPAS systems, as well as any suggestion by Ford employees that the price for replacement EPAS systems should be lower. Ford

1 has identified no competitive harm that could result from generalized acknowledgement of a profit
2 margin or vague statements that the margin should be lower, and therefore these statements do not
3 meet the "compelling reason" standard.

With these particular findings and the overall standard in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 195 | Compelling Reason | Ford's Opposition | DENIED as to page 6 because page 6 contains information that is discussed elsewhere without redaction, *see, e.g.*, Ex. B at 42, and thus there is no compelling reason to redact this information. GRANTED otherwise. |
| 195 | Compelling Reason | Exhibit A | GRANTED. |
| 195 | Compelling Reason | Exhibit B | GRANTED. |
| 195 | Compelling Reason | Exhibit D | Exhibit D to Ford's Opposition is identical to Exhibit 2 to Plaintiffs' Motion for Class Certification. *See* Exhibit 2 below for the Court's ruling. |
| 195 | Compelling Reason | Exhibit G | GRANTED. |
| 195 | Compelling Reason | Exhibit S | GRANTED. |
| 199 | Compelling Reason | Plaintiff's Motion for Class Certification | DENIED as to page 1, pages 3 lines 1–7 and 12–26, page 4 lines 1–8 and lines 10–23, page 5, page 6 lines 5–10, page 7 lines 1–8, page 8 lines 17–28, page 9. GRANTED otherwise. |
| 199 | Compelling Reason | Ex. 2 | GRANTED as to pages 6, 8, 18, 19, 20, 25, the second requested redaction on page 28, and the first and third proposed redactions on page 35. GRANTED as to the portions of page 14 for which redaction was requested both for Exhibit 2 and Exhibit 4. GRANTED as to the portions of page 24 for which redaction was requested both for Exhibit 2 and Exhibit 6. DENIED otherwise. |
| 199 | Compelling Reason | Ex. 3 | DENIED. |
| 199 | Compelling Reason | Ex. 4 | GRANTED as to the portions of page 62 for which redaction was requested both for Exhibit 2 page 14 and Exhibit 4. DENIED otherwise. |
| 199 | Compelling Reason | Ex. 5 | DENIED as to page 68. GRANTED otherwise. |

Case No. 14-CV-002989-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 199 | Compelling Reason | Ex. 6 | GRANTED as to the portions of page 71 for which redaction was requested both for Exhibit 2 page 24 and Exhibit 6. DENIED otherwise. |
| 199 | Compelling Reason | Ex. 8 | GRANTED. |
| 199 | Compelling Reason | Ex. 9 | GRANTED. |
| 199 | Compelling Reason | Ex. 10 | DENIED because Ford has identified no competitive harm or other compelling reason that would justify sealing the number of warranty returns. |
| 199 | Compelling Reason | Ex. 11 | DENIED. |
| 199 | Compelling Reason | Ex. 12 | GRANTED. |
| 199 | Compelling Reason | Ex. 13 | GRANTED. |
| 199 | Compelling Reason | Ex. 15 | DENIED as to page 114. GRANTED otherwise. |
| 199 | Compelling Reason | Ex. 16 | DENIED as to page 122 and page 125. GRANTED otherwise. |
| 199 | Compelling Reason | Ex. 17 | DENIED. |
| 199 | Compelling Reason | Ex. 18 | DENIED. |
| 199 | Compelling Reason | Ex. 19 | GRANTED. |
| 199 | Compelling Reason | Ex. 21 | DENIED. |
| 199 | Compelling Reason | Ex. 23 | DENIED because Ford has identified no competitive harm or other compelling reason that would justify sealing the number of warranty returns. |
| 199 | Compelling Reason | Ex. 26 | GRANTED. |
| 199 | Compelling Reason | Ex. 28 | GRANTED as to pages 166–68 and as to the second proposed redaction on page 173. DENIED otherwise. |
| 199 | Compelling Reason | Ex. 29 | GRANTED. |
| 199 | Compelling Reason | Ex. 30 | DENIED as to the first proposed redaction on page 187. GRANTED otherwise. |
| 199 | Compelling Reason | Ex. 38 | GRANTED. |

8

Case No. 14-CV-002989-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 199 | Compelling Reason | Ex. 39 | GRANTED. |
| 199 | Compelling Reason | Ex. 43 | GRANTED. |
| 199 | Compelling Reason | Ex. 44 | GRANTED as to the first proposed redaction under the caption "08/11/2011, Exhibit 4." DENIED otherwise. |
| 199 | Compelling Reason | Ex. 45 | DENIED as to first two proposed redactions on page 313. Ford did not seek redaction of these portions of the document when the document was reproduced in Exhibit 2 page 28. GRANTED otherwise. |
| 199 | Compelling Reason | Ex. 46 | DENIED because Ford has not identified any competitive harm or other compelling reason to seal discussion of the timing of Ford's meetings with its supplier. |
| 206 | Compelling Reason | Plaintiffs' Reply in Support of Motion for Class Certification | GRANTED as to page 1. DENIED otherwise. |
| 206 | Compelling Reason | Ex. 52 | DENIED as to page 360. GRANTED otherwise. |

**IT IS SO ORDERED.**

Dated: December 20, 2016

_____
LUCY H. KOH
United States District Judge

9

Case No. 14-CV-002989-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS