UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM PHILIPS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>   Defendant. | Case No. 14-CV-02989-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION WITH AN AMENDED DAMAGES MODEL**<br><br>Re: Dkt. No. 226 |

Before the Court is Plaintiffs' Motion for Leave to File Motion for Reconsideration of Class Certification Order, or, in the Alternative, for Leave to File a Renewed Motion for Class Certification with an Amended Damages Model. ECF No. 226 ("Mot."). Having considered Plaintiffs' motion, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion.

Civil Local Rule 7–9(b) provides that on a motion for leave to file a motion for reconsideration:

The moving party must specifically show:

1

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiffs' motion relies entirely on the third prong of Rule 7-9(b). Specifically, Plaintiffs argue that the Court "overlooked portions of Plaintiffs' damage model, as presented by Dr. Arnold, and failed to consider other facts and dispositive legal arguments concerning the ability to demonstrate reliance and out-of-pocket damages on a classwide basis." Mot. at 1.

However, Plaintiffs have identified no material facts or dispositive legal arguments that the Court manifestly failed to consider in its December 22, 2016 Order. Instead, Plaintiffs repeat the same arguments that Plaintiffs raised in their class certification briefing and that the Court carefully considered in deciding Plaintiffs' motion for class certification. In doing so, Plaintiffs also make statements that are somewhat misleading. For example, Plaintiffs state that "Dr. Arnold . . . conservatively applied a $0 value to the EPAS system for purposes of calculating damages here." Mot. at 3. However, as described more fully in the December 22, 2016 Order, Dr. Arnold's report never stated that consumers would apply a $0 value to the Class Vehicles' EPAS systems. Plaintiffs' instant motion concedes as much. Mot. at 2 ("Dr. Arnold's report does not explicitly state that 'the true value of the EPAS systems to consumers was $0 . . . .'").

Similarly, Plaintiffs claim that Dr. Arnold ascribed a negative value to an EPAS system that fails in the field, but Plaintiffs omit the important fact that Plaintiffs' damages theory is based on the value that consumers would apply to the EPAS systems at the time of purchase rather than

2
Case No. 14-CV-02989-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION WITH AN AMENDED DAMAGES MODEL

the value that consumers would apply at the time that an EPAS system fails in the field.

Plaintiffs have not shown that the Court manifestly failed to consider material facts or dispositive legal arguments, nor have Plaintiffs identified any other reason that leave to file a motion for reconsideration should be granted. Thus, leave to file a motion for reconsideration is not warranted.

The Court also finds that leave to file a renewed motion for class certification with an amended damages model is not warranted. As described in the December 22, 2016 Order, the individual issues that will predominate in determining reliance alone justify denial of class certification. ECF No. 225, at 32. The Court cannot determine reliance on a classwide basis. Thus, even if Plaintiffs filed an amended damages report, a renewed motion for class certification would be futile.

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Leave to File Motion for Reconsideration of Class Certification Order, or, in the Alternative, for Leave to File a Renewed Motion for Class Certification with an Amended Damages Model.

**IT IS SO ORDERED.**

Dated: January 16, 2017

_____
LUCY H. KOH
United States District Judge