UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM PHILIPS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | Case No. 14-CV-02989-LHK<br><br>**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 238 |

　　　　Before the Court is the parties' Joint Administrative Motion to Seal Plaintiffs' Opposition to Defendant Ford Motor Company's Motion for Summary Judgment and to Correct Redactions Contained in the Opposition and Certain Exhibits to that Opposition ("Motion"). ECF No. 238. For the reasons below, the parties' motion to file under seal is DENIED WITHOUT PREJUDICE.

　　　　Defendant Ford Motor Company ("Ford") filed a motion for summary judgment on January 9, 2017. ECF No. 228. On January 31, 2017, Plaintiffs filed an opposition to the motion for summary judgment. ECF No. 236. The same day, the parties filed a joint administrative motion to file portions of the opposition brief, as well as portions of exhibits to the brief, under seal. ECF No. 237.

　　　　On February 3, 2017, the parties filed the instant motion. ECF No. 238. In the instant

1  motion, the parties have modified their earlier request for sealing. *Id.* at 2. Thus, the instant motion

2  supersedes the January 31, 2017 motion to seal. The Court therefore DENIES the January 31,

3  2017 motion to seal as moot.

4  As to the instant motion, "[h]istorically, courts have recognized a 'general right to inspect

5  and copy public records and documents, including judicial records and documents.'" *Kamakana v.*

6  *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner*

7  *Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a

8  strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

9  Parties seeking to seal judicial records relating to dispositive motions and motions that are

10 "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler*

11 *Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with

12 "compelling reasons supported by specific factual findings" that outweigh the general history of

13 access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir.

14 2006). Compelling reasons justifying the sealing of court records generally exist "when such

15 'court files might have become a vehicle for improper purposes,' such as the use of records to

16 gratify private spite, promote public scandal, circulate libelous statements, or release trade

17 secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the

18 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

19 litigation will not, without more, compel the court to seal its records." *Id.*

20 Records attached to non-dispositive motions that are "not related, or only tangentially

21 related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto*

22 *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need

23 for access to court records attached only to non-dispositive motions because those documents are

24 often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation

25 marks omitted)). Parties moving to seal records attached to such motions must meet the lower

26 "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*,

27 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a

28

2
Case No. 14-CV-02989-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE

"particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Moreover, Civil Local Rule 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

3
Case No. 14-CV-02989-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE

In the instant motion, the parties state that they seek to seal only material that the Court previously found sealable in its December 20, 2016 Order Granting in Part and Denying in Part Administrative Motions to File Under Seal. ECF No. 223; *see also* ECF No. 238 ("[T]he portions that they redacted from their Opposition and those exhibits to their Opposition reflect only those portions that the Court had already approved for sealing in its December 20, 2016 Order."). However, the Court's December 20, 2016 order found the information sealable in the context of a motion for class certification. As discussed in the December 20, 2016 order, a motion for class certification is generally considered to be a non-dispositive motion. Therefore, the Court applied a "good cause" standard to the parties' motion to seal. *Id.* at 4; *see also In re High-Tech Emp. Antitrust Litig.*, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate 'good cause' in order to support their requests to seal.").

In contrast, the instant motion to seal was filed in connection with a motion for summary judgment, which is a dispositive motion and is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. Therefore, the standard for granting a motion to seal in the context of a motion for summary judgment is higher than "good cause." *In re Incretin-Based Therapies Prod. Liab. Litig.*, 2015 WL 11658712, at *1 (S.D. Cal. Nov. 18, 2015) ("The strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). Instead, a party seeking to seal material in connection with a motion for summary judgment bears the burden of demonstrating "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

However, the instant motion does not offer any "specific factual findings" demonstrating that there are "compelling reasons" to seal the requested material that outweigh the presumption of public access to court documents. *Kamakana*, 447 F.3d at 1178–79. Indeed, the motion does not even acknowledge that the applicable standard is the "compelling reasons" standard. Therefore,

the parties' have not met their burden to establish that sealing is warranted.

For the foregoing reasons, the parties' joint administrative motion to file under seal certain portions of Plaintiffs' opposition to the motion for summary judgment and exhibits to that motion is DENIED WITHOUT PREJUDICE. The parties shall file any renewed motions to seal within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: February 16, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

5
Case No. 14-CV-02989-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE